PERRY G. CARD *v.* LEONARD SARGEANT.

Notice of special matter cannot be received under a plea of *nul tiel record.*

If the facts tended to prove the issue, in the county court, the supreme court cannot inquire into their sufficiency, nor revise any decision founded upon them.

The supreme court will only pass upon such questions as are reserved by the county court; and when the parties make their pleadings, and join their issues, and take their trial in that court without objection, whatever informality there may have been in the pleadings will be understood to have been waived.

THIS was an action of debt on recognizance, commenced before a justice of the peace on the 7th of June, 1842, and brought by appeal to the county court.

The recognizance was for the sum of $50, entered into by the defendant, at the December term, 1840, of the county court for the county of Bennington, for the prosecution of a review by one Burlin Curtis, of a judgment rendered against him by said court, in favor of the plaintiff, in an action on a note for $100, upon which review there was a judgment against Curtis, at the June term, 1841, of the said court, and a final judgment against him by the supreme court, on exceptions, at the February term, 1842, for the sum of $116.22 damages, and $22.25 cost.

The defendant pleaded *nul tiel record*, with notice of special matter, proving payment and satisfaction of said judgment before the bringing of this suit. He also pleaded a special plea in bar, averring full payment, by Curtis, of said judgment, before this suit was commenced. Issue joined on both pleas; and trial of both issues by the court.

On trial, the plaintiff offered an exemplified copy of the record of the judgment, Card *v.* Curtis; and also the execution issued on said judgment, dated the 14th of February,

Bennington, 1842, with the officer's return thereon, showing a levy and
February, sale of property to the amount of $46.32, exclusive of offi-
1843.
cer's fees, and *nulla bona* as to the remainder.

Card         The plaintiff also produced testimony to prove that, at the
v.        time of the review, the said Curtis had property sufficient to
Sargeant.   pay the plaintiff's demand, which had been disposed of be-
fore the final judgment.

To maintain the special plea in bar the defendant offered
testimony, to wit, Burlin Curtis—who was first discharged
from interest by the defendant—who testified, among other
things, that, to secure the payment of the note described in
the exemplification, he, with one Roswell Tuttle, on the 1st
of October, 1839, executed and delivered to the plaintiff
their joint and several note for $115.50, including the
amount of the said one hundred dollar note, and interest,
together with the balance of a book account then found due
from him to the plaintiff; that the plaintiff then and there
agreed that, on payment of the said note signed by Curtis
and Tuttle, both notes should be delivered up to Curtis; that
he, Curtis, insisted on some written acknowledgment of said
agreement, and, on the 28th of October, 1839, the plaintiff
delivered to him the following:

"I certify that Burlin Curtis has left with me a note of
'one hundred dollars, which note I say I will give up, if he
'pays me a note I hold against himself and Roswell Tuttle,
'of one hundred and fifteen dollars and fifty cents, with use,
'when called for. I say I will write to him three weeks
'before I call for the money.

'I say I will take enough of the note to indemnify me for
'coming after the money till I get it.

'Troy, Oct. 28, 1839.          PERRY G. CARD."

To all which testimony the plaintiff objected; but it was
admitted by the court—to which the plaintiff excepted.

The said Curtis further testified that, after the final trial in
the county court in the said suit of Card against him, and
before the same was affirmed by the supreme court, to wit,
on the 6th of December, 1841, he paid into the hands of
Serenus Swift, attorney of the plaintiff, $66.44, for the
benefit of the plaintiff; which sum was, by said Swift, en-
dorsed on the said note signed by Curtis and Tuttle; and
that, on the same day they confessed judgment to the plain-

tiff, for the balance due upon said note, amounting to $65.78, and costs; that, on the 1st day of April, 1842, the said Swift took out execution on said judgment, and placed the same in the hands of an officer, who, on the 26th of May, 1842, and before the commencement of this suit, levied the same on personal property of the said Curtis, and advertised the same for sale at vendue; that said property was never sold, but that the officer suffered it pass into the hands of receiptors and afterwards brought suit upon the receipt, and collected and paid over to said Swift the full amount of said judgment against Curtis and Tuttle.

The defendant also offered in evidence the said note of Curtis and Tuttle, with the endorsement thereon, and a record of the said confession of judgment, with the execution issued thereon.

To all which testimony the plaintiff objected, on the ground that the same did not amount to proof of the full payment of the note executed by Curtis and Tuttle. The objection was overruled and the testimony admitted, to which the plaintiff excepted.

Whereupon the court found the first issue for the plaintiff, and the second issue for the defendant. The plaintiff excepted.

*S. Swift*, for plaintiff.

I. The issue on the first count was decided in favor of the plaintiff. The plaintiff, therefore, thinks himself entitled to a judgment in chief.

II. The different pleas are not compatible nor consistent, and if leave had been given by the court so to plead, (though it does not appear that any such was given) it would have been bad; and, although it might have been specially demurred to, yet we think it may be taken advantage of on trial, as the issues are incongruous, and cannot be tried together, and, of course, the first must decide the case. We have no statute similar to the statute of 4th of Anne, &c. 1 Sw. Dig. 169; 1 Ch. Pl. 230, 511–12; Esp. N. P. 168, 233.

III. The notice under the first plea, (if it were proper in its place, presenting matters of fact which ought to go to the jury, and could not be tried with *nul tiel record*, which is to

Margin notes:
BENNINGTON,
*February,*
1843.

Card
*v.*
Sargeant.

be tried by the court) supersedes, and precludes the right of pleading in bar at the same time. Rev. Stat. 164, §35.

IV. The payment alleged in bar in the second plea, is of the judgment rendered in the county court, and cannot operate as a bar of the judgment we claim to have been rendered in the supreme court, and on which we rely and predicate our right or claim of recovery.

V. A discharge from bail to his principal, does not remove the interest or, at least, the bias, of the principal, or render him competent or suitable to testify in a case, *strictly his own,* as there exists such a privity between the bail and principal, and it is even presumable that the bail has been secured by the principal, especially if he offers to discharge him.

VI. The contract testified to by Curtis, appears to have been in writing, which ought to govern and preclude parol testimony.

VII. The condition of the bond of recognizance is the payment of the additional costs and all intervening damages. If, therefore, a collateral security had been paid, it is no discharge of the bond of recognisance. Besides, the plea in this case is the payment of the judgment, and not the collateral security. The evidence produced, therefore, has no tendency either to support the plea, or prove a discharge of the bond.

VIII. Besides, the writing which purports to show the contract, and on which the defendant relies for that purpose, it appears, has once been introduced on the trial of the original suit, in which the bail was entered, and was fully and finally adjudicated upon, and ought not now to be brought up again in this collateral way, for a second adjudication thereon, and especially upon the oath of one of the parties to that contract.

IX. But if all this testimony is to be received, and have weight, it does not amount to proof of the payment of the whole note against Curtis and Tuttle, or the full amount of final judgment against Curtis, before the supreme court, including the sum collected on the execution in that case, and also the sum paid on the Curtis and Tuttle note, before the commencement of this suit—and much less the payment of the judgment itself, which has been plead.

*L. Sargeant, pro se.*

In the present case, the defendant deems it unnecessary to enquire beyond two points.

1. Did the plaintiff make a *prima facie* case, beyond the costs, after review, or beyond nominal damages? His exemplified record shows a blank judgment from which the review was taken, and his execution, sale, or final judgment, more than satisfied his whole bill of costs. His testimony to show intervening damages, does not show Curtis insolvent at the time of levying execution. It only proves, that personal property had passed from him ; and it would have been but a fair inference for the county court, to have considered the $66.44, paid the plaintiff, December 6th, 1841, to have been the avails of the same property. Besides, on the 26th day of May following, the execution, Card *v.* Curtis and Tuttle, was levied upon the property of Curtis.

2. The case shows another and collateral security, taken for the same indebtedness, partially'paid, and judgment, execution, and levy eleven days before the commencement of the suit, resulting in a final satisfaction of the whole debt, before the time of this trial. The execution expired in the officer's hands, May 30; and this suit was commenced June 6. The defendant insists that the levy of final process upon property, sufficient to make full satisfaction, is a payment, so far as the debtor, or his surety, is concerned. The plaintiff could not, after such a levy, maintain debt, or *scire facias*, upon his judgment; and should he attempt to enforce the judgment, it would be good ground for *audita querela*, or an injunction. 1 Sw. Dig. 789. It is because a levy is regarded as a satisfaction, that a writ of error will not supercede the execution after the levy. Sw. Dig. 794. The means of satisfaction are gone from the debtor, from the time of the levy ; and a new security accrues to the creditor, of a higher character, to wit, the responsibility of the officer. Whether the property is held in the personal custody of the officer, or passes into the hands of the receiptors, or is squandered, is a matter beyond the control of the debtor. There are many cases where a payment is perfect, so far as the debtor or his surety are concerned, and yet, a literal satisfaction never reaches the creditor.

Should it be contended that the facts stated in the excep-

BENNINGTON,
February,
1843.

Card
v.
Sargeant.

tions should have been set out in the plea, the answer is, "That this would be pleading the evidence, instead of the fact"—of course it would be a departure from the correct rules of pleading.

The opinion of the court was delivered by

HEBARD, J. — Under the plea of *nul tiel record*, the defendant gave notice that he should rely upon the proof of the same facts set up in his second plea in bar. This is a novelty in pleading, for the plea under which the defendant proposes to give this special matter in evidence, is to be determined by the court, upon an inspection of the record,— while the facts, to be given under the plea, being matter for the consideration of the jury, it would be difficult to see how that mode of defence could be available.

The plaintiff now claims that, as the court found this plea for the plaintiff, they also found the facts offered under that plea against the defendant. But we are not disposed to view it in that light. The whole case shows that no action was had upon that notice ; and so far as that notice forms any part of the case, it is to be regarded as a nullity.

Upon the defendant's second plea in bar, the court rendered judgment for the defendant, which must conclude the case, unless the court committed some error in relation to the law ; for this court can no more revise the judgment of the county court, in relation to matters of fact, than we can the verdict of a jury upon the same facts ; so that we cannot inquire whether the court founded their judgment upon insufficient testimony, if it was legal in its character, and tended to prove the issue.

The case finds that the defendant introduced one Burlin Curtis, who testified, *among other things*, that, to secure the payment of the note, described in the exemplification, on the first day of October, 1839, the said Curtis and one Roswell Tuttle executed and delivered to the plaintiff their joint and several note for $115,50, including the amount of the said one hundred dollar note and interest, together with the balance of a book account, then and there found due from Curtis to Card on settlement, and that said Card then and there agreed that, on payment of the note signed by Curtis and Tuttle, both notes should be delivered up to Curtis.

BENNINGTON,
*February*,
1843.

. Card
*v.*
Sargeant.

The case further finds that Curtis insisted on some written acknowledgment of the foregoing agreement, and on the 28th day of October, 1839, the plaintiff delivered to said Curtis a paper by him signed as follows :

" I certify that Burlin Curtis has left with me a note for ' one hundred dollars, which note I say I will give up if he ' pays me a note I hold against himself and Roswell Tuttle ' of one hundred and fifteen dollars and fifty cents, with use, ' when called for.

"I say I will write to him three weeks before I call for the ' money."

To this testimony the plaintiff objected, and now asks to have the judgment reversed, because the court admitted it. The testimony of Curtis was admissible, after he was discharged of his interest, as the case finds he was. It does not appear in what way he was discharged, and, for that reason, we cannot judge of the sufficiency of his discharge.

The testimony of Curtis had a tendency to prove the issue ; and his further testimony had a tendency to prove that the one hundred and fifteen dollar note was paid before the trial in this suit. What else Curtis testified to we do not know, as the case finds that he testified to these facts, "among other things." What these other things were, we have no means of knowing, or how much credit was attached to his testimony. It all seems to be a question of fact, which the court, by the agreement of the parties, have passed upon, and have found that the facts set forth in the defendant's plea in bar, are true. To say that the proof did not show a payment of the whole sum for which the defendant was liable, is to question the *intelligence* or the *integrity*, of the county court for the plea covered the whole ground, and the court found that the plea was proved. It is a question of fact, and in whichever of the particulars named, the county court might have erred, it is an error that this court cannot correct.

It is, also, insisted that there was error in admitting parol proof in relation to the agreement. The agreement was in writing, and was produced. There was proof of payment according to the agreement. This might be shown as well by parol as in any other way. And, ordinarily, there would be no other mode of proving the payment in any case.

. Further objection is made by the plaintiff to the pleadings ;

BENNINGTON,
February,
1843.

but it is enough to say that when parties make their pleadings, and join their issues, and take their trial without objection at the time, there can be no question raised before this court, in relation to their informality.  Under such circumstances, whatever informality there may have been in the pleadings is understood to be waived.

Judgment affirmed.