FREDERICK H. HARRIMAN *v.* SCHOOL DISTRICT No. 12, IN ORANGE.

*Collection of Taxes.*

A tax collector who has distrained property for the payment of a tax, may post such property for sale before the expiration of four days from the time of taking the property, provided the day fixed for the sale is six days from the expiration of the four days allowed the owner to redeem the property.

SPECIAL ASSUMPSIT to recover the amount paid by the plaintiff upon a judgment against him in favor of one Fifield, for distraining certain property of the latter in payment of an invalid tax against him, laid by the defendant school district, of which the plaintiff was the collector.

The facts in the case sufficiently appear in the opinion of the court.

The cause was tried upon the plea of the general issue, at the January term, 1861, PECK, J., presiding.

The county court rendered judgment for the plaintiff, to which the defendant excepted.

*Peck & Colby*, for the defendant.

*Wing, Lund & Taylor*, for the plaintiff.

BARRETT, J. It is conceded that the tax was void, and that, so far as this fact is concerned, the district would be bound to indemnify the collector for the consequences of collecting it. But it is urged that, though on the trial of the suit against the collector, the case was just, and the judgment was rendered against him on that ground, still, as the district was not party to that suit, they were not concluded by that judgment, in reference to the ground of the plaintiff's right and their liability in *this* suit; and so, they may, in this suit, show that there was another ground upon which the collector would have been cast in that suit, independently of the illegality of the tax itself, and growing out of the illegal course which he took in the collection of the tax.

In the view we take of the case, it is not necessary to discuss

Harriman v. School Dist. No. 12.

or decide the question as to the effect of that judgment on this suit. For, admitting it to be as the defendant claims, in this respect, we think the course taken by the collector in distraining and selling the property is not subject to the imputation of illegality which the defendant makes against it.

The point is that the collector, after the distraining of the property, held it only *three* instead of four days, before posting it for sale. It turns out that the day fixed for the sale was full six days after the expiration of the four, within which the owner of the property might redeem it by paying the tax and costs as provided by the statute.

The statute does not, in terms, fix the time when the property shall be posted. It fixes the time within which the owner may redeem it, viz : four days. It fixes also the length of time after the expiration of said four days, that the collector must have the property posted before he makes the sale of it, viz : six days.

The collector, of course, can do nothing to obstruct the right of the owner to redeem by paying the tax and all legal costs and charges at any time within the four days, and such costs and charges would not, of course, embrace any charge for the posting of the property before the expiration of the time limited for the redemption of it without sale.

On the other hand, under this exemption from additional charges, there seems to be no reason why the posting of the property may not be made before the expiration of said four days, without contravening the provisions of the statute, provided it fix the time of sale at the lawful period after the expiration of said time of redemption. The owner of the property would be put to no disadvantage, either in respect to the redemption or the sale of it. All the purposes designed to be served by the posting of the property as prescribed by the statute, would be as well served in the one case as the other. There is no practical purpose to be served, therefore, by holding that the posting of the property, as it was done in this case, should render the taking of the property illegal, and the officer a trespasser.

We are not unmindful of the rules established by many decisions requiring, in proceedings for the assessment and collection of taxes, a strict compliance with the provisions of the statute.

But in this case, we think there was no such lack of compliance as would render the taking of the property illegal and wrongful.

As to demand of payment. There was evidence tending to show that such demand was not made before the bringing of the suit : and, although it is not stated in the exceptions, in terms, what the court found in this respect, still as judgment was rendered for the plaintiff, if that fact was necessary in order to entitle the plaintiff to maintain his action, it is to be taken that such fact was found by the court. *Card* v. *Sargent*, 15 Vt. 393. *Seward* v. *Heflin*, 20 Vt. 144.

In order to predicate error in the judgment in this respect, it should appear that the court did not find that fact. Hence, without passing on the question of the necessity of such demand, we think the exceptions do not show any error in this respect.

Judgment affirmed.